**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3852-16T3

U'BAY LUMUMBA,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

          Submitted May 8, 2018 — Decided June 8, 2018

          Before Judges Gilson and Mitterhoff.

          On appeal from the New Jersey Department of
          Corrections.

          U'Bay Lumumba, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney
          for respondent (Melissa Dutton Schaffer,
          Assistant Attorney General, of counsel;
          Suzanne Davies, Deputy Attorney General, on
          the brief).

PER CURIAM

    This is appellant U'Bay Lumumba's appeal of the April 11,
2017 final administrative decision by the Department of
Corrections (DOC), denying his request to reinstate the visitation

privileges of several friends and family members. Because we find that appellant lacks standing to challenge the DOC's final decision, we dismiss the appeal.

Appellant is an inmate currently incarcerated at New Jersey State Prison (NJSP) in Trenton, New Jersey. He is serving a life sentence with a thirty-five year mandatory minimum term for murder, aggravated assault, robbery and weapons charges.

On or about April 25, 2012, the Special Investigations Divisions (SID) of NJSP began an investigation after the seizure of a cellular telephone at the prison. As a result of that investigation, the DOC concluded that appellant was involved in a conspiracy with corrections officers, other inmates and persons outside NJSP to smuggle cellular phones and narcotics into the facility. The investigation concluded that appellant used various friends and family members to aid in the smuggling and a concurrent money laundering conspiracy. Based on the findings of the investigation, a visit restriction was placed on specific persons for their known or suspected involvement in the criminal conduct. Appellant continues to receive visits from other persons not identified or suspected of being involved in the conspiracy.

On or about December 5, 2016, several of appellant's family members and friends contacted the DOC for reinstatement of their visitation privileges. On February 23, 2017, the DOC denied the

requests and instructed the applicants that in order to have their privileges restored, they were required to contact SID for an interview, after which the DOC would decide whether it would reinstate their visitation privileges. To date, although appellant's family members and friends have applied for the reinstatement of their privileges, they have not agreed to an SID interview to facilitate their possible reinstatement.

On February 13, 2016, appellant filed a grievance seeking reinstatement of the revoked visitation privileges. On February 29, 2016, the DOC responded that it was the banned visitors, rather than appellant, who needed to make the request and submit to an SID interview in order to be considered for visiting privileges. On April 9, 2017, appellant submitted a second grievance seeking reinstatement of the visitation privileges. The DOC upheld its previous denial. This appeal ensued.

On appeal, appellant asserts the following arguments:

> POINT I
> RESPONDENT'S APRIL 11, 2017 ADMINISTRATIVE DECISION REFUSING TO SET ASIDE ASSISTANT SUPERINTENDENT [] FEBRUARY 23, 2017 REFUSAL TO REMOVE THE JUNE/JULY 2012 TEMPORARY VISIT BAN AND REINSTATE VISITATION PRIVILEGES FROM APPELLANT'S VISITORS DECEMBER 5, 7, 2016 WRITTEN REQUESTS TO NEW JERSEY STATE PRISON ADMINISTRATOR [], IS ARBITRARY, CAPRICIOUS, UNREASONABLE IN VIOLATION OF N.J.A.C. 10A:18-6.3(c)

POINT II
RESPONDENTS DELIBERATELY COMMITTED PROFESSIONAL MISCONDUCT WHEN THEY UNREASONABLY MISREPRESENTED FACTS TO THIS COURT WHEN THEY ARGUED IN THEIR DECEMBER 12, 2014 LETTER-BRIEF U'BAY LUMUMBA V. NEW JERSEY DEPARTMENT OF CORRECTIONS DOCKET NO. A-3223-13T1. THAT ALL OF APPELLANT'S PRE-APPROVED VISITORS WAS [sic] INVOLVED IN CRIMINAL ACTIVITIES AND REFUSED TO COOPERATE WITH NEW JERSEY STATE PRISON SPECIAL INVESTIGATION DIVISION IN VIOLATION OF N.J.A.C. 10A:18-6.3(c).

In response, the DOC asserts that appellant lacks standing to challenge the visitation restrictions, as it is incumbent on the banned family members and friends to apply to have their privileges reinstated. The DOC contends the appeal should be dismissed for lack of standing.

N.J.A.C. 10A:18-6.20(a) permits inmates to request the "reinstatement of contact visit privileges that were terminated in accordance with N.J.A.C. 10A:4-5.1 and 12." (Disciplinary actions). The regulations provide that reinstatement of privileges revoked for disciplinary actions will be considered after the inmate has completed all sanctions imposed and has submitted a request to the Administrator designee. In this case, as the DOC correctly notes, appellant did not lose his right to visits as a result of disciplinary charges. Rather, his visitors have been banned from visiting correctional institutions based on

their own alleged conduct. The regulation under which they were banned is N.J.A.C. 10A:18-6.3(c), which provides:

> Persons determined, by substantial evidence, to have a harmful influence upon the inmate or to constitute a threat to the security of the correctional facility shall be banned from visiting an inmate committed to the custody of the Department of Corrections for a minimum of 365 days and the visitor shall be required to apply in writing to the Administrator for approval/disapproval of the reinstatement of visit privileges.

The plain language of the regulation requires persons whose visitation privileges have been revoked pursuant to N.J.A.C. 10A:18-6.3(c) to apply for reinstatement. Because we find no basis to allow appellant to pursue the rights of his family members and friends, we conclude that the matter must be dismissed for lack of standing.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3852-16T3